No. 34,485

Joe Imthurn, as Administrator of the Estate of Bessie Wolcott, Deceased, *Appellee*, v. J. T. Martin, *Appellant*.

(96 P. 2d 860)

Opinion on motion for rehearing filed February 9, 1940. (For original opinion of affirmance see 150 Kan. 906, 96 P. 2d 860.)

*Homer V. Gooing,* of Eureka, *Edward H. Rees* and *Everett E. Steerman,* both of Emporia, for the appellant.

*Clay C. Carper, Harold G. Forbes* and *Thomas C. Forbes,* all of Eureka, for the appellee.

The opinion of the court was delivered by

Thiele, J. Appellants have filed a petition for a rehearing or, in the alternative, for a modification of our opinion filed December 9, 1939, and reported in 150 Kan. 906 *et seq.*, 96 P. 2d 860, for the reason the journal entry of judgment entered in the trial court did not clearly disclose the status of the action after the motion for judgment was sustained, and the judgment of this court was based on a misapprehension.

It now appears the trial court ruled only on questions of law involved and did not render any judgment as to the amount due to defendant Martin, either for moneys paid out by him on behalf of Bessie Wolcott or due to him for services rendered, and that the order directing Martin to pay $2,000 into court or to give sufficient bond therefor was in the nature of an interlocutory order pending appeal to this court on the questions of law involved. No rehearing is necessary.

That portion of the opinion on page 910 reading as follows:

"The court then found defendant should pay into court the sum of $2,000, etc., and rendered judgment accordingly.

"The record is barren of information as to how this amount was determined, but apparently the trial court assumed defendant had received $3,182.61 and had paid out about $900 as alleged in his answer, leaving him charged with $2,282.61, the difference between that amount and $2,000 being the allowance made for compensation for services rendered."

and that portion of the opinion on page 912 reading as follows:

"No complaint is made that, assuming the trial court's disposition to be otherwise correct, the allowances for expenditures for bills paid and for defendant's compensation are either wrong or inadequate.

"We are of opinion the trial court properly disposed of the action, and its judgment is affirmed."

are stricken from the opinion, and in lieu thereof the following shall be the conclusion of our opinion:

"The ruling of the trial court on the questions of law submitted was correct. Upon further hearing the court should hear the matter of accounting by defendant Martin as to the sums received by him from Bessie Wolcott and the credits to which he is entitled for expenditures made by him for her out of said sums, and for his services.

"The judgment of the trial court is affirmed."